### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 7** |
| **REBECCA DARE BROOKS** | ) | |
| | ) | **Case No. 17-70665** |
| **Debtor** | ) | |

_____

| | | |
|---|---|---|
| **REBECCA DARE BROOKS** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **A.P. No. 17-07031** |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **HOUSING AND URBAN DEVELOPMENT,** | ) | |
| **MELINDA S. MOORE HOUSING, INC.,** | ) | |
| **METROPOLITAN PROPERTY** | ) | |
| **MANAGEMENT, INC.,** | ) | |
| **TAMMY REED and JOSEPH S. MOORE** | ) | |
| | ) | |
| **Defendants** | ) | |

_____

### <u>MEMORANDUM OPINION</u>

On August 16, 2017, the Debtor filed this Adversary Proceeding against five Defendants: the United States Department of Housing and Urban Development ("HUD"), Melinda S. Moore Housing, Inc. ("MSM"), Metropolitan Property Management, Inc. ("MPM"), Tammy Reed ("Reed"), and Joseph S. Moore ("Moore"). In her Complaint ("Complaint") the Debtor alleges six counts against HUD and the other named Defendants. The Debtor seeks "to determine the validity, priority, or extent of her interest in a residential leasehold, and its federal subsidy; to obtain injunctive or other equitable relief; and to obtain a declaratory judgment as to her rights."

Complaint, ¶ 1.   In addition to a Motion to Abstain filed by MSM, MPM, Reed and Moore, HUD and MSM, MPM, Reed and Moore have each filed motions to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The Debtor has also filed a Motion to Amend the Complaint to add additional counts, primarily pertaining to HUD's involvement in the case.

A hearing on these matters was held on November 20, 2017, at which counsel for the Defendants, counsel for the Debtor, and counsel for HUD appeared and were heard.  Based upon the entire record and the arguments of counsel, and for the reasons stated below, the Adversary Proceeding will be dismissed for lack of jurisdiction.

### STATEMENT OF THE CASE

The Debtor filed a Chapter 7 petition on May 17, 2017.[1]  The Chapter 7 Trustee filed a Report of No Distribution on June 19, 2017 certifying that that the estate of the Debtor was fully administered.  The Debtor received her Chapter 7 discharge on August 16, 2017.  However, the same day the discharge was granted, and before the case was closed, the Debtor filed this Adversary Proceeding seeking declaratory judgment and injunctive relief against the various Defendants.

In the Complaint, the Debtor alleges that on July 17, 2015, she entered into a governmentally subsidized rental lease agreement ("Lease") with MSM for an apartment in

---

[1] On Schedule E/F–Creditors Who Have Unsecured Claims, the Debtor listed Melinda S. Moore Housing, Inc. and marked the claim "Disputed."

2

Christiansburg, Virginia.  Complaint, ¶13.  The Debtor alleges she is disabled as determined by Social Security Administration, with her only income being Social Security benefits and food stamps.  Complaint, ¶ 3.  She contends she is qualified for HUD assistance as a low income elderly resident of her subsidized apartment under Section 202 Supportive Housing for the Elderly Program.  Complaint, ¶¶ 4, 13.  The Debtor also alleges that on March 24, 2016 she received a "Non-Renewal of Lease Notice" advising her to vacate the residence no later than July 31, 2016.  Complaint, ¶¶ 47, 48.  The Debtor alleges the non-renewal notice is a violation of the Lease, HUD regulations, and the Virginia Landlord Tenant Act.  Complaint, ¶ 48.  On June 30, 2016, the Debtor filed a complaint for a declaratory judgment in the Circuit Court for Montgomery County, Virginia against MSM, and a counter-claim was filed by MSM seeking to terminate the Debtor's Lease and evict her from her residence.  Complaint, ¶ 52.  The case was set for trial on May 25, 2017 according to the Montgomery County Circuit Court's public docket information page.  This bankruptcy case was filed on May 17, 2017.

The Debtor alleges six causes of action in the Complaint.  The first Count is solely directed at HUD and alleges that HUD's actions and/or inactions were arbitrary, capricious or otherwise not in accordance with the law, and as such are violations of the Administrative Procedures Act. See, 5 U.S.C. § 706(2). (*Id*. at 11).  Counts Two through Six are directed at MSM, MPM, Reed, and Moore. The Counts involving the private Defendants allege that these Defendants breached the Debtor's rental agreement and/or violated provisions of the Virginia Residential Landlord Tenant Act. (*Id*. at 12-17).

## CONCLUSIONS OF LAW

A bankruptcy court is a court of limited jurisdiction as to subject matter. *In re Carrington Gardens Associates*, 248 B.R. 752, 756 (Bankr. E.D. Va. 2000). When a court feels that it may be lacking subject matter jurisdiction over a case, it must raise the subject, *sua sponte*, and examine whether it has jurisdiction to hear the case. *Id.* Here, the Defendants have expressly challenged this Court's jurisdiction to hear this matter.

28 U.S.C. § 1334(b) provides that "[n]otwithstanding, any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). 28 U.S.C. § 157(b) further provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district," and further that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. . . ." 28 U.S.C. § 157(b). The District Court for the Western District of Virginia has referred all of the types of proceedings listed in § 157 to this Court. *See* Order from the District Court on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia.

While jurisdiction is proper under § 1334(b), this proceeding must be a "core" proceeding "arising under" or "arising in" a case under title 11 in order for this Court to be able to enter dispositive orders in the adversary proceeding; otherwise, this Court may make only proposed findings of fact and conclusions of law to the district court, absent the parties' consent. *See* 28 U.S.C. §§ 157(b)(1), (c)(1). A proceeding arises under the Bankruptcy Code only if the Bankruptcy Code creates the cause of action or provides the substantive right invoked. *In re*

*Fruit of the Loom, Inc.,* 407 B.R. 593, 601 (Bankr. D. Del. 2009). This Adversary Proceeding does not arise under the Bankruptcy Code. The Debtor alleges only state law breach of contract claims and claims against HUD that arise under the Administrative Procedures Act. The Debtor's proposed amended complaint does not change this fact. It further alleges a deprivation of due process, but that claim also fails to arise under Title 11.

A proceeding "arises in" a case under the Bankruptcy Code if the proceeding has "no existence outside of the bankruptcy." *Id.* This case does not "arise in" a case under the Bankruptcy Code. It is an ordinary landlord-tenant contract dispute that exists outside of bankruptcy, as demonstrated by the extensive litigation in the Montgomery County, Virginia Circuit Court. The addition of claims against HUD does not change this result. Those claims also do not "arise in" this bankruptcy case, because they would have independent viability outside this case. Thus, this Adversary Proceeding is not a "core" proceeding within the scope of section 157.

The question then arises whether this matter is "related to" a case under title 11. A civil proceeding is "related to" a title 11 case if the action's outcome might have any conceivable effect on the bankrupt estate. *Valley Historic Ltd. P'ship v. Bank of New York,* 486 F.3d 831, 836 (4th Cir. 2007); *New Horizon of N.Y. LLC v. Jacobs,* 231 F.3d 143, 155 (4th Cir. 2000); *Walter v. Freeway Foods, Inc. (In re Freeway Foods),* 449 B.R. 860, 873 (Bankr. M.D. N.C. 2011). If the proceeding in question is not "related to" the bankruptcy, then the bankruptcy court has no jurisdiction to hear the matter at all. *See* 28 U.S.C. § 1334(b); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (a court which lacks subject matter jurisdiction cannot hear the matter at all and must dismiss it); *Celotex Corp. v. Edwards,* 514 U.S. 300, 308 n. 6, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) ("[B]ankruptcy courts have no

jurisdiction over proceedings that have no effect on the estate of the debtor.").  The Fourth

Circuit, like the majority of the other circuits, has adopted the test articulated by the Third Circuit

in *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984), for determining "related to"

jurisdiction.  *See A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 1002 n. 11 (4th Cir. 1986).[2]  In

short, "'the test for determining whether a civil proceeding is related to bankruptcy is whether

*the outcome of that proceeding could conceivably have any effect on the estate being*

*administered in bankruptcy.'"  Owens–Ill., Inc. v. Rapid Am. Corp.* (*In re Celotex Corp.*), 124

F.3d 619, 625 (4th Cir. 1997) (quoting *Pacor,* 743 F.2d at 994).  Therefore, "[a]n action is

related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom

of action (either positively or negatively) and [it] in any way impacts upon the handling and

administration of the bankruptcy estate."  *Id.* at 625–26; *see also Spartan Mills v. Bank of Am.*

*Ill.,* 112 F.3d 1251, 1255–56 (4th Cir. 1997): *Valley Historic Ltd. P'ship,* 486 F.3d at 836.

    Here, the first prong of the test is met.  This litigation could in fact alter "the debtor's

rights, liabilities, options, or freedom of action."  However, the second prong is not met.

Nothing that occurs in this litigation will "impact the handling and administration of the

bankruptcy estate."  The Debtor's bankruptcy estate has already been administered.  The Chapter

7 Trustee filed his Report of No Distribution on June 19, 2017.  The litigation the Debtor

initiated against her landlord was disclosed on her Statement of Financial Affairs, and the

---

[2] Although the Supreme Court has overturned *Pacor* in part, *see Things Remembered, Inc. v. Petrarca,* 516 U.S.
124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (overruling *Pacor*'s holding that the prohibition against review of a
remand order in 28 U.S.C. § 1447(d) is not applicable in a bankruptcy case), the Court has not disturbed *Pacor*'s
"related to" jurisdictional test.

Trustee, by filing his Report of No Distribution, deemed it of no value to the estate. There are no assets of the Debtor to be administered or creditors to be paid. The resolution of this Adversary Proceeding will bring no money into the estate, nor will resolution of the Adversary Proceeding cause the estate to pay out any money. This Adversary Proceeding will simply have no effect upon the estate whatsoever. The test for "related to" jurisdiction is in the conjunctive, not the alternative. Both prongs must be met, and here they are not. [3]

## CONCLUSION

For all of the above reasons, the Court concludes it does not have subject matter jurisdiction over this Adversary Proceeding, and the Complaint shall be DISMISSED. A separate Order shall issue.

**Decided this 4th day of December, 2017.**

UNITED STATES BANKRUPTCY JUDGE

---

[3] Were the Court to conclude that it did have subject matter jurisdiction, the Court would likely exercise "permissive abstention" under 28 U.S.C. § 1334(c)(1) and the twelve factor test set forth in *In re Ahearn*, 318 B.R. 638, 644 (Bankr. E.D. Va. 2003).